Miriam H. Mays, Petitioner, Respondent, *v.* Alexis T. Mays, Appellant.

First Department, June 11, 1937.

*Henry D. Valentine,* for the appellant.

*Elizabeth Rogers Horan* of counsel [*Paxton Blair* with her on the brief; *Paul Windels, Corporation Counsel*], for the petitioner, respondent.

Per Curiam. The evidence was insufficient to warrant a finding that the petitioner was likely to become a public charge. For several months immediately prior to the date of this application, during which time she was receiving no support from the respondent-appellant, she occupied an apartment for which she paid twenty-two dollars and fifty cents monthly. The rent was fully paid except for the current month. During this time she also had a telephone in the apartment, the monthly charge for which had been regularly paid. While the petitioner testified that the rent, telephone charges and her other expenses had been paid for by money borrowed from her family and friends and that she would be unable to borrow further sums and would soon have to apply for relief, it appears that her mother owns a home in the city of Philadelphia, and also had a home at the seashore in the summer of 1935. During that season petitioner divided her time between her mother's home at the seashore and her apartment in New York city.

Furthermore, there is absence of evidence which would show that the petitioner was unable to find employment of some kind or that she was " industrially incapacitated." In the circumstances it clearly appears that there is no likelihood of petitioner's becoming

a public charge. (*Matter of Winter* v. *Winter*, 246 App. Div. 232; *Matter of Kiss* v. *Kiss*, 242 id. 691.)

It follows that the order should be reversed and the application denied.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Order unanimously reversed and the motion denied.