■  In the Matter of SHARON KELLS, Respondent, v. MAX KELLS, Appellant. — Order, Family Court of the State of New York, New York County, entered on February 9, 1973, unanimously modified, on the law and the facts and in the exercise of discretion, to strike out support for petitioner-respondent wife and to fix support for the infant child of the parties at $40 a week, and the matter remanded to Family Court, New York County, with the direction that there be a hearing on the subject of custody, and otherwise affirmed, without costs and without disbursements.   Order, Family Court of the State of New York, New York County entered on February 15, 1973, unanimously modified, in the exercise of discretion, to reduce counsel fee to be paid by respondent-appellant husband to $300, without prejudice to further application to the Family Court for additional counsel fee, and otherwise affirmed, without costs and without disbursements.   Appellant's argument that, because of a pending action in Queens County, New York County was without jurisdiction over the proceeding, is not adopted.   Petitioner did actually reside in New York on the day of her petition, and this is all that is required for venue (Family Ct. Act, § 421, subd. [e]).   While the court in which the original matrimonial action was pending also would have had jurisdiction to entertain an application in respect of the marital affairs of the parties, it does not appear that any was made there as to any of the matters here reviewed.   However, the wife, having voluntarily relinquished a well-paying position to replace her baby sitter as guardian of the child, is obviously not likely to become a public charge, and is therefore not

entitled to the award made for her support (*Winter* v. *Winter,* 246 App. Div. 232; *Mays* v. *Mays,* 251 App. Div. 316). Provision must, however, be made for the infant's support. Nor should the court have refused to hear the application in respect of custody of the child; such a hearing should have been held immediately to relieve the child of the possibility of becoming a shuttlecock between the parents. Therefore, we remand for this purpose, which, however, may be obviated by prompt and appropriate application in the pending Queens action. Counsel fee, reduced as here directed, seems adequate in the circumstances, but, should further services be rendered in the Family Court proceeding, counsel may then make such application as will then be appropriate. Concur — Markewich, J. P., Kupferman, Lane, Steuer and Capozzoli, JJ.